1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    YEVGENY DUBINSKY,                      No. C 12-02765 CRB

12              Plaintiff,                    **ORDER GRANTING REQUEST TO
                                              CONTINUE CASE AND GRANTING
13        v.                                  MOTION TO DISMISS**

14    CHEVY CHASE BANK,

15              Defendant.
      _____/
16

17        Defendants Deutsche Bank and Mortgage Electronic Registration Systems, Inc.

18    (MERS) moved to dismiss Plaintiff Yevgeny Dubinsky's case on August 21, 2012.  See dkt.

19    10.  Plaintiff's opposition to that motion was due not more than fourteen days thereafter.

20    See Civil Local Rule 7-3.  Plaintiff failed to timely file an opposition, and so the Court, on

21    October 5, 2012, ordered Plaintiff to show cause by 5:00 p.m. October 9, 2012 why his case

22    should not be dismissed for failure to prosecute.  See dkt. 22.  The Court warned that

23    "[f]ailure to respond to this Order could lead to the dismissal of Plaintiff's case in its

24    entirety."  Id.  Plaintiff did not timely respond to the order to show cause, and so, on October

25    10, 2012, the Court dismissed Plaintiff's case.  See dkt. 24.  Plaintiff then filed an opposition

26    to the motion to dismiss on October 10, 2012, see dkt. 27, and a response to the order to

27    show cause on October 12, 2012, see dkt. 28.  Plaintiff filed a document entitled "Request to

28    Continue With the Case and Motion of Hearing Complaint and the Cause and on Dismissal

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

on the Motion to Dismiss Complaint Request for an Order to Have Account for E-Filing" on October 16, 2012. <u>See</u> dkt. 29.

Plaintiff's response to the Court's order to show cause states only that the Court's order arrived on October 9, 2012 and "that left only October 9th, Tuesday as a single day to receive the order, prepare the answer and submit it back. This was not a reasonable request and could not be completed due to the calendar schedule." <u>See</u> dkt. 28. Plaintiff's Request to Continue reiterates that the Court's order to show cause deadline "was not achievable" and "should not be the cause to dismiss the case." <u>See</u> dkt. 29 at 2. The Court finds Plaintiff's explanations lacking, as they offer no explanation for Plaintiff's failure to timely file an opposition, and do not demonstrate that a one paragraph response to the Court's order could not have been accomplished in a day's time. Nonetheless, the Court understands that Plaintiff wishes to pursue his case and therefore GRANTS Plaintiff's request.

The Court now turns to Defendants' motion to dismiss. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for resolution without oral argument or further briefing,[1] and GRANTS the motion for the reasons stated below.

### 1. *Res Judicata*

*Res judicata* bars Plaintiff's case against Defendants Deutsche Bank and MERS. This is Plaintiff's third related case in federal court. Plaintiff brought suit in 2010 against TD Service Company, MERS, Deutsche Bank, and Capital One, alleging that he had been injured in an unlawful foreclosure action involving 460 Midway Ave. in San Mateo. <u>See</u> Case No. 10-4841-PJH, dkt. 1. That case was dismissed under Civil Local Rule 3-11(b) when Plaintiff failed to provide the court with a current address. <u>See</u> Case No. 10-4841-PJH, dkt. 11. Plaintiff brought suit in 2011 against TD Service Company, MERS, Deutsche Bank, and Capital One, also pertaining to the foreclosure action on 460 Midway Ave. in San Mateo. <u>See</u> Case No. 11-5751-CRB, dkt. 1. That case was dismissed under Federal Rule of Civil

---

[1] The Court has read and considered Defendants' motion, Defendant Chevy Chase Bank's joinder in that motion, dkt. 17, and Plaintiff's late-filed opposition to the motion.

**United States District Court**
For the Northern District of California

1    Procedure 41(b) when Plaintiff failed to appear at the hearing on the defendants' motion to

2    dismiss.  See Case No. 11-5751-CRB, dkt. 30.

3         "*Res judicata*, or claim preclusion, prohibits lawsuits on 'any claims that were raised

4    or could have been raised' in a prior action.  *Res judicata* applies when there is: (1) an

5    identity of claims; (2) a final judgment on the merits; and (3) identity or privity between

6    parties."  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (internal citations and

7    quotation marks omitted).  All three elements are met here.

8         First, the claims in Plaintiff's 2011 case are the same as the claims here.  In 2011,

9    Plaintiff complained of "injuries caused by above-named defendants, through Fraudulent

10   means, in unlawful foreclosure action."  See Case No. 11-5751-CRB, dkt. 1 at 2.  He further

11   complained that defendants "made false representations of the character, amount, and legal

12   status of the debt" and that defendants "lack standing to foreclose."  Id. at 2-3.  The current

13   complaint complains of wrongful foreclosure, fraud, quiet title, declaratory relief, violation

14   of RESPA, and violation or TILA, all as to the property at 460 Midway Ave. in San Mateo,

15   and asserts that "Defendants and each of them do not have the ability to establish that the

16   Deed of Trust or mortgage that secured the Note were legally or properly acquired by

17   Defendants."  See dkt. 1 at 1, 4, 6.  That these claims are lengthier and more specific than the

18   2011 claims does not prevent preclusion.  "Identity of claims exists when two suits arise from

19   'the same transactional nucleus of facts.'"  Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l

20   Planning Agency, 322 F.3d 1064, 1077-78 (9th Cir. 2003).  Here, the suits indisputably arise

21   from the same nucleus of facts, and Plaintiff could have brought his current claims in the

22   2011 action.  See id.

23        Second, this Court's dismissal of the 2011 case based on Federal Rule of Civil

24   Procedure 41(b) was a final judgment on the merits.  See Fed. R. Civ. P. 41(b) ("Unless the

25   dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an

26   adjudication on the merits."); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714

27   (9th Cir. 2001) ("involuntary dismissal generally acts as a judgment on the merits for the

28   purposes of *res judicata*") (internal quotation marks omitted).

United States District Court
For the Northern District of California

1    Third, the parties are the same in both cases. In the 2011 case, Dubinsky was the

2    plaintiff and MERS and Deutsche Bank were both defendants. See Case No. 11-5751-CRB,

3    dkt. 1. In this case, Dubinsky is the plaintiff and MERS and Deutsche Bank are both

4    defendants. See dkt. 1.[2]

5    Because all three elements of res judicata are met, Plaintiff's claims against MERS

6    and Deutsche Bank are DISMISSED with prejudice.

7    **2.    Failure to State a Claim**

8    Because res judicata does not apply to all of the defendants in this case, the Court

9    now turns to the motion's contention that Plaintiff fails to state a claim.

10   Plaintiff's first cause of action (for wrongful foreclosure), second cause of action (for

11   fraud), third cause of action (for quiet title), and fourth cause of action (for declaratory relief)

12   all rely on a faulty premise: that the defendants were not entitled to foreclose because they

13   did not possess the note. See dkt. 1 ¶ 56 ("Defendants, and each of them, do not have the

14   right to foreclose on the Property because none of the Defendants and each of them, do not

15   own the note"); ¶ 73 ("All Defendants misrepresented that they are the 'holder and owner' of

16   the Note"); ¶ 83 ("Plaintiff is seeking to quiet title against the claims of all Defendants

17   including the claims of all possessors of the Note"); ¶ 88 ("Plaintiff contends that [the

18   defendants] do not have authority to foreclose upon and sell the subject Property"). But

19   "Under Civil Code section 2924, no party needs to physically possess the promissory note."

20   See Sicairos v. NDEX West, LLC, No. 08-2014, 2009 WL 385855, at *3 (S.D. Cal. Feb. 13,

21   2009); see also McCloskey v. Land Home Fin. Servs., No. 12-2775, 2012 WL 3583347, at

22   *2 (Aug. 20, 2012) (noting that arguments that defendants lack standing to foreclose because

23   note and deed of trust were separated and securitized[3] "have repeatedly been rejected by

24   numerous courts in the Northern District" and reiterating that "There is no requirement to

25

26   [2]  Defendant Chevy Chase Bank, which joined Defendants' Motion to Dismiss, was not a defendant in the 2011 action, and so this element is missing as to it. Accordingly, res judicata does not

27   bar Plaintiff's claims against Chevy Chase Bank.

28   [3]  See dkt. 27 at 4 ("the Note became separated from the Deed of Trust or mortgage instrument. Due to the separation of ownership of the Note after sale by Chevy Chase Bank, FSB to the Sponsor, the beneficiary of the Deed of Trust no longer had any legal relationship with the Note.").

United States District Court
For the Northern District of California

1    produce the original note in order to proceed."). Those causes of action therefore fail to state

2    a claim.

3          Plaintiff's fifth cause of action, for violation of RESPA, is time-barred. A RESPA

4    claim premised on section 2607[4] must be brought within one year of the loan closing. See 12

5    U.S.C. § 2614; Edwards v. First Am. Corp., 517 F. Supp. 2d 1199, 1204 (C.D. Cal. 2007).

6    Plaintiff's loan originated in 2006. See Defendants' Request for Judicial Notice (fkt. 11) Ex.

7    A (Deed of Trust). Plaintiff has not pleaded any facts that would support the application of

8    equitable tolling. Accordingly, the RESPA cause of action is untimely and fails to state a

9    claim.

10         Plaintiff's sixth and final cause of action, for violation of TILA section 1641(g), a

11   notice provision, alleges vaguely that "Plaintiff has been damaged in an amount that will be

12   determined at time of trial." See dkt. 1 ¶ 111. But a "creditor is only liable for actual

13   damages sustained as a result of its alleged" violation of section 1641(g). See Deerink v.

14   Bank of New York Mellon, N.A., No. 11-1735, 2012 WL 3234027, at *5 (E.D. Cal. Aug. 6,

15   2012) (finding that plaintiff's damages were "purely speculative and were not caused by any

16   violation of § 1641(g)"). Speculative damages are insufficient to impose liability under

17   section 1641(g). See Che v. Aurora Loan Servs., No. 11-1458, 2012 WL899629, at *3-4

18   (C.D. Cal. March 15, 2012) (finding that allegations that "had Aurora provided her with

19   proper notice, she would have been able to prevent the foreclosure of her home" were too

20   speculative). Plaintiff's allegations of damage are conclusory and speculative, and so he has

21   failed to state a claim as to TILA.

22         Because Plaintiff fails to state a claim as to any of his causes of action, despite having

23   had ample opportunities to do so in his three lawsuits, Plaintiff's claims against Defendant

24   Chevy Chase Bank are DISMISSED with prejudice. The motion to dismiss is therefore

25   //

26   //

27

28        [4] See dkt.1 ¶ 96 ("Defendants have violated the Real Estate Settlement Procedures Act (RESPA)
     12 U.S.C. § 2607(a).").

GRANTED.

   **IT IS SO ORDERED.**


Dated: October 19, 2012                                    _____
                                                           CHARLES  R. BREYER
                                                           UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California